UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION,

                  Plaintiff,

   -against-

BANK OF AMERICA, N.A., and
BARCLAYS CAPITAL REAL ESTATE
INC.,

                Defendants.

----------------------------------------------------------------x

12 Civ. 4873 (CM)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/13

## DECISION AND ORDER DENYING BANK OF AMERICA'S MOTION TO DISMISS COUNT II OF THE SECOND AMENDED COMPLAINT

McMahon, J.:

      The reader is referred to the Court's decision and order dated December 11, 2012 for the

full background of this case, in which Plaintiff U.S. Bank National Association ("U.S. Bank")

seeks to hold either Defendant Barclays Capital Real Estate, Inc. ("Barclays") or Defendant

Bank of America, N.A. ("Bank of America") liable for the expiration of a $1.25 million Letter of

Credit that served as partial collateral for a defaulted loan it holds. *See U.S. Bank Nat. Ass'n v.

Bank of Am., N.A.*, 2012 WL 6136017 (S.D.N.Y. Dec. 11, 2012) (hereinafter "*U.S. Bank I*"). In

that order, the Court denied Barclays' motion to dismiss U.S. Bank's First Amended Complaint

and granted Bank of America's motion to dismiss, but granted U.S. Bank leave to amend its

pleading.

      In particular, I found that U.S. Bank had erroneously pleaded that both Barclays (on

Count I) and Bank of America (on Count II)[1] could be held liable for breach of contract in this

action, when Bank of America's liability is necessarily contingent upon Barclays' *not* being

---

[1] There are no other causes of action in this case.

liable. *Id.* at \*7-8. In other words, U.S. Bank had failed to plead Bank of America's alleged liability *in the alternative*. *Id.*

On December 18, 2012, U.S. Bank filed a Second Amended Complaint ("Sec. Am. Compl."). The following changes to U.S. Bank's pleading are relevant to the motion before the Court:

- U.S. Bank's allegations specific to Barclays are now pleaded under the heading "Barclays' Failure to Assign the Letter of Credit" (Sec. Am. Compl. at 5) – the First Amended Complaint read, "Defendants' Failure to Assign the Letter of Credit";

- Under the heading "Bank of America's Failure to Service the Loan in Accordance with the Servicing Standard," U.S. Bank has added in parentheses: "Plead Alternatively to Allegations Against Barclays" (Sec. Am. Compl. at 6);

- Under Count II, U.S. Bank has added in parentheses: "Plead Alternatively to Claims Against Barclays" (Sec. Am. Compl. at 8);

- The first paragraph under Count II now reads, "Except for allegations and claims against Barclays set forth above [U.S. Bank] incorporates by reference the preceding allegations as if fully set forth herein and pleads the following allegations and claims alternatively to the allegations and claims contained in Count I hereof" (Sec. Am. Compl. ¶ 48); and

- U.S. Bank now asks for judgment against Bank of America "alternatively" (Sec. Am. Compl. at 8-9).

Bank of America now moves (again), pursuant to Rule 12(b)(6), to dismiss Count II of the Second Amended Complaint, the only claim against it. The crux of Bank of America's argument is that U.S. Bank has failed to allege that "Barclays may have properly assigned the Letter of Credit – an indispensable factual predicate to any claim against Bank of America."

2

(BOA's Support Memo. at 5.) Strictly speaking, this is true. U.S. Bank did not heed my advice to plead something "along the lines of 'if, in the alternative, Barclays did assign the Letter of Credit, and thus is not liable, then Bank of America breached its obligations under the [Pooling and Service Agreement ("PSA")].'" *U.S. Bank I*, 2012 WL 6136017, at *8. However, U.S. Bank's failure to take my suggestion does not mean that Count II must be dismissed. Accordingly, for the reasons set forth herein, Bank of America's motion to dismiss is DENIED.

The standard of review on a motion to dismiss pursuant to Rule 12(b)(6) is a familiar one, and it is laid out in *U.S. Bank I*, 2012 WL 6136017, at *5. Federal Rule of Civil Procedure 8 permits a plaintiff to "state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). As I noted in *U.S. Bank I*, a plaintiff "need not use particular words to plead in the alternative," so "long as it can be reasonably inferred that this is what [the plaintiff] was doing." *G–I Holdings, Inc. v. Baron & Budd*, 238 F.Supp.2d 521, 536 (S.D.N.Y.2002) (internal quotation marks and editing omitted).

I am somewhat perplexed by the fact that U.S. Bank could not quite bring itself – despite my guidance – to specifically allege in the alternative that Barclays assigned the Letter of Credit to U.S. Bank's predecessor in interest (Banc of America Commercial Mortgage Inc. ("BACM")), as it was obligated to do under the Mortgage Loan Purchase and Sale Agreement ("MLPA"). This is indeed a factual predicate to Bank of America's liability. If U.S. Bank had done as I suggested, this whole motion might have been avoided. I appreciate the reluctance to assert "contradictory statements of fact" in one's pleading, but this case seems to me to be a textbook example of a plaintiff who is "legitimately in doubt about the facts in question" and thus such contradictory statements would have been perfectly permissible. *Am. Int'l Adjustment Co. v. Galvin*, 86 F.3d 1455, 1461 (7th Cir. 1996); *accord 2004 Stuart Moldaw Trust v. XE L.I.F.E.,*

3

*LLC*, 642 F. Supp. 2d 226, 240 (S.D.N.Y. 2009) *aff'd*, 374 F. Appx 78 (2d Cir. 2010); *Alpha Inv., LLC v. Zynga, Inc.*, No. 11 Civ. 3500, 2012 WL 832447, at *5 (N.D. Cal. Mar. 12, 2012).

That said, I tend to agree with Bank of America that U.S. Bank seems far more confident that Barclays *did not* assign the Letter of Credit to BACM, which would mean that Bank of America cannot be liable to U.S. Bank. (*See, e.g.,* Sec. Am. Compl. ¶¶ 25, 27, 32-33.) But at this stage in the proceedings, we cannot know for certain what Barclays did or did not do, and I find that U.S. Bank has adequately pleaded an alternative theory of liability against Bank of America on the basis of Barclays' having assigned the Letter of Credit.

One could infer that Barclays assigned the Letter of Credit to BACM from the fact that it represented that it had done so in the MLPA. (*See* Sec. Am. Compl. ¶¶ 15-16.) Contrary to Bank of America's argument, I did not deem this allegation insufficient to support a claim against Bank of America in *U.S. Bank I*. (*See* BOA's Reply at 3.) Rather, I found the whole thrust of the First Amended Complaint – namely, that both Barclays and Bank of America could be held liable for breach of contract – untenable. I did not single out paragraphs 16 and 17 of the First Amended Complaint (which are identical to paragraphs 15 and 16 of the Second Amended Complaint) as inadequate in any way.

Additionally, the allegations specific to Barclays are clearly delineated under the heading "Barclays' Failure to Assign the Letter of Credit." (*Id.* at 5, ¶¶ 32-35.) Taken together with U.S. Bank's equally clearly delineated alternative allegations against Bank of America (*see id.* at 6, ¶¶ 36-41), the Second Amended Complaint is fairly read to allege that, if Barclays' failure to assign the letter of credit is not proven, only then can Bank of America be found liable for breach of contract.

4

U.S. Bank pleads Counts I and II similarly to the allegations discussed immediately above. Reading the two counts together, the Second Amended Complaint is fairly read to allege that Count II against Bank of America is only tenable if Barclays is ultimately not liable under Count I because it assigned the Letter of Credit to BACM.

As a final note on this matter, while U.S. Bank's pleading leaves much to be desired, Bank of America seems to be arguing that U.S. Bank should have done *Barclays'* work for it and gotten to the bottom of whether it actually assigned the Letter of Credit. Rule 8(d)(3) imposes no such requirement. What exactly transpired with respect to the Letter of Credit will come out in discovery, at the end of which I will happily entertain motions for summary judgment.

Bank of America does not otherwise challenge Count II, and thus it is deemed adequately pleaded.

Separately, U.S. Bank argues that "Even if [it] did not specifically plead as part of its alternative claim that Barclays assigned the Letter of Credit, [its] claims against Bank of America arise out of Bank of America's independent obligation to service the Loan in accordance with the servicing standard, notwithstanding whether Barclays properly assigned the Letter of Credit." (U.S. Bank's Opp'n at 6.) In other words, U.S. Bank appears to contend that all of this talk of pleading in the alternative is something of a sideshow, because Bank of America may be held liable under Count II, along with Barclays under Count I, in light of Bank of America's freestanding contractual obligations under Sections 3.01(a) and 1.01 of the PSA.[2]

---

[2] Section 3.01(a) provides in pertinent part that Bank of America, as Master Servicer of the loan, "shall service and administer the Serviced Loans . . . in the best interests and for the benefit of the Certificateholders in accordance with any and all applicable laws, the terms of this Agreement, the terms of the respective Serviced Loans and, to the extent consistent with the foregoing, in accordance with the Servicing Standard."

The Servicing Standard is laid out in Section 1.01, which provides in pertinent part that Bank of America shall "service and administer the Serviced Loans . . . with the same care, skill, prudence and diligence as is normal and usual in its general mortgage servicing . . . on behalf of third parties or itself, whichever is higher, with respect to mortgage loans . . . that are comparable to those for which it is responsible hereunder."

In *U.S. Bank I*, 2012 WL 6136017, at *7, I specifically held that "Bank of America's

obligations under Section 3.02(b)(ii) of the PSA and the PSA's Servicing Standard were . . .

contingent upon Barclays assigning its right to the proceeds from the Letter of Credit [BACM]."

Later in the decision, in dismissing an allegation from the First Amended Complaint as a matter

of law,[3] I held:

> Nowhere in the PSA or the MLPA is there any indication that Barclays could be
> forced by Bank of America to do anything. So even if Bank of America had an
> obligation to take steps with respect to the Letter of Credit under Section
> 3.02(b)(ii) of the PSA or the PSA's Servicing Standard, and failed to do so, it was
> still necessary for Barclays to act in order for Plaintiff to receive the benefits of
> the Letter of Credit. Accordingly, as presently pleaded, there was no injury
> flowing from Bank of America's alleged breach.

*Id.* at *8. And, more generally, I held that "Bank of America's liability is contingent on Barclays

*not* being liable." *Id.* (emphasis in original). U.S. Bank has not moved for reconsideration of

any these holdings, nor does it now, in so many words.

Bank of America argues that these holdings are the "law of the case" and should not be

set aside unless U.S. Bank presents cogent or compelling reasons for the Court to revisit its

decision. (*See* BOA's Reply at 5 (citing *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir.

1991)).) I agree.

The law of the case doctrine posits that "when a court has ruled on an issue, that decision

should generally be adhered to by that court in subsequent stages in the same case." *Uccio*, 940

F.2d at 758 (citing *Arizona v. California*, 460 U.S. 605, 618 (1983)). Here, the law of case, as

established in *U.S. Bank I*, is that the PSA's Servicing Standard did not obligate Bank of

---

[3] Paragraph 38 of the First Amended Complaint read, "Bank of America failed to take any action between the
closing date of the Loan and the cancellation of the Letter of Credit to cause or effect the assignment and/or transfer
of the Letter of Credit, including but not limited to directing Barclays to transfer and assign the Letter of Credit." I
dismissed paragraph 38 for the reason set forth in the block quote above and because "Barclays had no obligation
under the MLPA to transfer and assign the Letter of Credit; its only obligation was to assign its right to the Letter of
Credit's proceeds" *U.S. Bank I*, 2012 WL 6136017, at *8.

America, as the Master Servicer of the loan at issue, to do anything vis-à-vis the Letter of Credit *before* Barclays assigned it to BACM. U.S. Bank has not presented a compelling argument to the contrary. And, as also noted in *U.S. Bank I*, even assuming *arguendo* that the Servicing Standard imposed some kind of independent, pre-assignment obligation on Bank of America to keep tabs on and "preserve" the Letter of Credit, no injury could have flowed from Bank of America's alleged failure to do so, because it could not have forced Barclays to assign the Letter of Credit to BACM under any circumstances.

This is not to say that Bank of America did not violate the Servicing Standard, but rather that it could not have done so in connection with the Letter of Credit until Barclays assigned that collateral to BACM, as it was obligated to do under the MLPA.

## CONCLUSION

For the reasons set forth above, Bank of America's motion to dismiss U.S. Bank's Second Amended Complaint is DENIED.

The Clerk of the Court is directed to remove the motion at Docket No. 59 from the Court's list of pending motions.

Dated: May 22, 2012

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

7